IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:21-CR-285 |
| vs. | ORDER REGARDING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION |
| OMAR VAILLANT, JR., | |
| Defendant. | |

This matter is before the Court on the Magistrate Judge's Findings and Recommendation on a Guilty Plea, Filing 34, recommending that the Court accept the defendant's plea of guilty. There are no objections to the findings and recommendation. Nonetheless, the Court declines to adopt the findings and recommendation at this time.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and NECrimR 11.2(d), the Court has conducted a de novo review of the record. Defendant has pleaded guilty to Counts I and II of the Indictment. Count I charges Defendant with violating 21 U.S.C. § 841(a)(1) and (b)(1) by possessing with intent to distribute a mixture containing methamphetamine, a schedule II controlled substance, and Count II charges that Defendant possessed a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). Filing 1. As it is relevant here, the Court notes that under 21 U.S.C. § 841(b)(1)(C), a defendant found guilty of possessing less than 50 grams of a mixture containing methamphetamine faces "a term of supervised release of *at least* 3 years in addition to . . . imprisonment." (emphasis added). Thus, the defendant faces a minimum supervised release term of three years and a maximum of life for the crime charged in Count I of the Indictment.

The Petition to Enter a Plea of Guilty, Filing 36 at 4, and Plea Agreement, Filing 37 at 3, in this case both list the maximum term of supervised release as to Count I as three years. The Magistrate Judge noticed counsel's mistake during the change of plea hearing and asked counsel if he was correct "that [the] supervised release term would be at least three years up to life." Filing

1

42 at 8. Unfortunately, counsel both maintained that three years was the maximum, rather than the minimum, and convinced the Magistrate Judge he was mistaken when he was not. Filing 42 at 8. Because Defendant was not informed of the correct minimum and maximum term of supervised release he faces as to Count I, it is the Court's intent to further inquire into this matter at the sentencing hearing set for July 21, 2022. Filing 35. At that time, the Court will decide whether Defendant's plea of guilty should be accepted and whether the matter should directly proceed to sentencing. Counsel should be prepared to address this issue via interlineation immediately prior to the sentencing hearing.

IT IS ORDERED:

1. The Magistrate Judge's Findings and Recommendation on a Guilty Plea, Filing 34, is held in abeyance;
2. This matter will be addressed at the sentencing hearing set for July 21, 2022; and
3. This case shall provisionally proceed to sentencing.

Dated this 4th day of May, 2022.

BY THE COURT:

Brian C. Buescher
United States District Judge